```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA

                         PARKERSBURG
```

**KIRT R. KING,**

    **Movant,**

**v.**                                    **Case No. 6:10-cv-01025**
                                              **Case No. 6:04-cr-00127-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On August 17, 2010, Movant, Kirt R. King (hereinafter "Defendant") filed a Motion to Correct his Sentence Which has not yet Become Final" (docket # 706).

Defendant was convicted of engaging in a conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One), distribution of 3.5 grams of cocaine (Count Eight), possession with intent to distribute 116.5 grams of cocaine (Count Fourteen), possession of firearms in furtherance of drug trafficking (Count Fifteen), and conspiracy to commit money laundering (Count Sixteen). (Superseding indictment, # 105; jury verdict, # 243). He is serving a sentence of 240 months (180 months and consecutive 60 months), to be followed by a five year term of supervised release (Judgment Order entered July 5, 2005, # 415).

Defendant's direct appeal was unsuccessful. <u>United States v.</u>

King, No. 05-4672, 239 Fed. Appx. 852 (4th Cir. Sept. 10, 2007). His first Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255 (# 595) was denied.  (Judgment Order entered December 10, 2009, # 651).  The appeal was dismissed.  United States v. King, No. 10-6393 (4th Cir. July 1, 2010), reh'g denied (August 31, 2010).

Defendant argues that his sentence is illegal to the extent that it includes the 60 month consecutive sentence for his conviction of violating 18 U.S.C. § 924(c).  (Petition, # 706, at 4.)  He relies on United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), and United States v. Almany, 598 F.3d 238 (6th Cir. 2010). The Fourth Circuit addressed the same argument in United States v. Studifin, 240 F.3d 415 (4th Cir. 2001), and held adversely to the defendant.  Kirt King's conviction and sentence, having occurred within the Fourth Circuit, is subject to Fourth Circuit precedent, and his arguments are without merit.

The undersigned proposes that the presiding District Judge **FIND** that document # 706 is a successive section 2255 motion, in that he is attempting to attack his sentence.  Title 28, United States Code, Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Similarly, Rule 9 of the Rules Governing Section

2255 Motions states, "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Paragraph 8 of § 2255 requires a second or successive motion to contain:

>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Defendant's document contains neither newly discovered evidence nor a new rule of constitutional law.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Defendant's section 2255 motion (# 706).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal

Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant and to counsel of record.

September 15, 2010
       Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge